Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SUZANNE B. CONLON | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7210 (App. No. 11-2754) | **DATE** | 8/12/11 |
| **CASE TITLE** | Jaryan Gills (#R-07179) vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to appeal *in forma pauperis* [#97] is denied. The court certifies that the appeal is not taken in good faith and orders the plaintiff to pay the appellate fees of $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. The clerk is directed to send a copy of this order to the PLRA Attorney, U.S. Court of Appeals for the Seventh Circuit.

*Suzanne B. Conlon*

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Cook County Jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety and medical needs.

By Minute Order of July 8, 2011, the court deemed the defendants' motion for summary judgment uncontested and granted the motion in light of the plaintiff's failure to respond to the motion despite being granted multiple extensions of time in which to do so. The plaintiff has filed a notice of appeal from the final judgment and seeks leave to proceed *in forma pauperis*.

The plaintiff's motion for leave to appeal *in forma pauperis* is denied, the court finding that this action does not raise a substantial issue meriting appellate review. It is well-established that the court has wide discretion to enforce its deadlines and local rules. *See, e.g., Yancick v. Hanna Steel Corp.*, — F.3d —, 2011 WL 3319568, *3-5 (7th Cir. Aug. 3, 2011); *Benuzzi v. Bd. of Education of the City of Chicago*, — F.3d —, 2011 WL 2909904, *2 (7th Cir. Jul. 21, 2011). The court accordingly certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith and that no appeal should be taken.

Under the rules of the U.S. Court of Appeals for the Seventh Circuit Court, if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal *in forma pauperis* but rather **(CONTINUED)**

mjm

must pay the appellate fees in full for the appeal to go forward. Consequently, the plaintiff must pay the full $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. *See Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). If the plaintiff wishes to contest this court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this court's certification within thirty days of service of this order. *See* Fed. R. App. P. 24(a)(5).

In sum, the plaintiff's motion for leave to appeal *in forma pauperis* is denied. The plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within fourteen days of the date of this order. If the plaintiff fails to comply with this order, the Court of Appeals may dismiss his appeal. The plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds. Nonpayment for any reason other than destitution shall be construed as a voluntary relinquishment of the right to file future suits *in forma pauperis*. The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. The plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.

Payment shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. Payment should clearly identify the plaintiff's name, as well as the district court and appellate court case numbers assigned to this action.

The clerk is directed to send a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit.

*Suzanne B. Conlon*